195 F.3d 544 (9th Cir. 1999)
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
MICHAEL VALDEZ, Defendant-Appellant.
 No. 98-35526
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted August 2, 1999--Anchorage, Alaska
Decided November 12, 1999
 
 Kirk T. Kennedy, Las Vegas, Nevada, for the defendant-appellant.
 Karen L. Loeffler, Assistant United States Attorney, Anchor-age, Alaska, for the plaintiff-appellee.
 Appeal from the United States District Court for the District of Alaska; H. Russel Holland, Chief District Judge, Presiding. D.C. No. CV-98-00117 HRH
 Before: Procter Hug, Jr., Chief Judge, Stephen S. Trott, and A. Wallace Tashima, Circuit Judges.
 TASHIMA, Circuit Judge:
 
 
 1
 Federal prisoner Michael Valdez filed a post-conviction petition for relief that was construed by the district court as a S 2255 motion and dismissed as untimely. We have jurisdiction under 28 U.S.C. SS 1291 and 2253, and because we hold that Valdez's motion was not time-barred, we reverse and remand.
 
 I.
 
 2
 In 1991, a jury convicted Valdez of drug-trafficking, and of using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. S 924(c)(1) (1991). Valdez was sentenced to 87 months' imprisonment on the drug offenses and to a consecutive 60-month sentence on the firearms charge.
 
 
 3
 On July 31, 1997, Valdez filed a habeas petition under 28 U.S.C. S 2241. In it, he indicated that he had not filed a 28 U.S.C. S 2255 motion because it would be barred by the new period of limitations applicable to S 2255 motions, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The government filed a motion to dismiss in lieu of a response to Valdez's petition. In his opposition to the government's motion to dismiss, Valdez asked the court to treat his petition as a 28 U.S.C. S 2255 motion and to find that the statute of limitations should be equitably tolled if the court did not consider his petition as properly filed under S 2241.[1]
 
 
 4
 The substance of Valdez's petition is that his conviction and sentence under S 924(c)(1) are invalid in light of Bailey v. United States, 516 U.S. 137 (1995), in which the Supreme Court held that a conviction for using a firearm during and in relation to a drug-trafficking offense "requires evidence sufficient to show an active employment of the firearm by the defendant." Id. at 143 (emphasis in original). Valdez was convicted at a time when the Ninth Circuit employed the interpretation that mere possession of a gun could constitute "use" under S 924(c). See UnitedStates v. Torres-Rodriguez, 930 F.2d 1375, 1385 (9th Cir. 1991).[2] Valdez contends that the evidence at his trial was insufficient to satisfy the standard enunciated in Bailey.
 
 
 5
 The district court construed the petition as a S 2255 motion and dismissed it upon concluding it was not timely presented and that no extraordinary circumstances existed that would permit the invocation of the doctrine of equitable tolling. We review the district court's dismissal of the S 2255 motion de novo. See United States v. Benboe, 157 F.3d 1181, 1183 (9th Cir. 1998).
 
 II.
 
 6
 The AEDPA applies to Valdez's S 2255 motion, filed after the AEDPA's effective date of April 24, 1996. See United States v. Asrar, 116 F.3d 1268, 1270 n.3 (9th Cir. 1997). Among the new restrictions imposed by the AEDPA is a statute of limitations applicable to S 2255 motions, which provides, in part:
 
 
 7
 A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
 
 
 8
 (1) the date on which the judgment of conviction becomes final; [or]
 
 
 9
 . . .
 
 
 10
 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .
 
 
 11
 28 U.S.C. S 2255.
 
 
 12
 While S 2255(1) provides that the limitations period runs from the date a prisoner's conviction becomes final, those whose convictions became final before the effective date of the AEDPA, had a one-year period from its effective date, i.e., until April 23, 1997, to file timely motions under S 2255(1). See TwoRivers v. Lewis, 174 F.3d 987, 996 n.7 (9th Cir. 1999). Valdez's conviction became final before the AEDPA's effective date, but he did not file his motion until July 31, 1997; thus, he cannot benefit from this one-year grace period.
 
 
 13
 Nevertheless, his motion is timely under S 2255(3).[3] First, under S 2255(3), the right "initially recognized" by the Supreme Court need not be a constitutional one. Besides the fact that the plain language dictates such an interpretation, we draw support from a comparison with 28 U.S.C. S 2244(d)(1)(C), the analogous limitations provision applica ble to S 2254 habeas petitions brought by state prisoners. Section 2244(d)(1)(C) provides that the one-year limitations period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. S 2244(d)(1)(C) (emphasis added).[4] Thereis no basis for concluding that these two differently-worded limitations provisions added by the AEDPA were meant to have identical meanings and applications.
 
 
 14
 Further, we assume that Congress' omission of the word "constitutional" in S 2255(3) was intentional rather than the result of a drafting error. See Hohn v. United States, 524 U.S. 236, 118 S. Ct. 1969, 1977 (1998) (" `[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.' ") (quoting Bates v. United States, 522 U.S. 23, 29-30 (1997)); California Cosmetology Coalition v. Riley, 110 F.3d 1454, 1460 (9th Cir. 1997) (" `We must presume that Congress acts with deliberation, rather than by inadvertence, when it drafts a statute.' ") (quoting United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985)). See also Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998) (giving weight to differences between wording of S 2255(1) and analogous limitations provision of S 2244(d)(1)(A)), cert. denied, 119 S. Ct. 1758 (1999)[5].
 
 
 15
 Finally, our interpretation meshes with that of the Third Circuit, the only other circuit to have squarely confronted the issue. See United States v. Lloyd, 188 F.3d 184, 187 (3d Cir. 1999) ("That [a] right is founded on statutory interpretation rather than on a new rule of constitutional law is of no moment for purposes of the limitation period underS 2255.") (footnote omitted). We therefore hold that the Supreme Court's recognition of a statutory right will suffice under S 2255(3).
 
 
 16
 Just such a statutory rule was announced in the December, 1995, Bailey decision, in which the Supreme Court held for the first time that a defendant cannot be convicted of violating the "use" prong of 18 U.S.C. S 924(c) unless the government proves "active employment" of a firearm by the defendant during and in relation to a violent crime or drug trafficking crime[6]. See 516 U.S. at 143. This holding "amounted to recognition of a new right on the part of defendants whose conduct did not meet this test to be free from the associated penalties." Lloyd, 188 F.3d at 187. In its motion to dismiss Valdez's petition in the district court, the government appears to have conceded that the rule set forth in Bailey constitutes a newly recognized right under S 2255(3). The government assumed, and argues here, that under S 2255(3), the statute of limitations began to run when the Bailey decision was issued, and thus that Valdez's motion, filed almost 20 months later, was untimely.
 
 
 17
 This interpretation of S 2255(3) ignores the second requirement of the provision -- that the right have been "made retroactively applicable to cases on collateral review." 28 U.S.C. S 2255(3). In Bailey, which involved a direct criminal appeal, the Court did not determine whether the right it was recognizing for the first time was to be retroactively applicable to cases on collateral review. This did not occuruntil 1998, when, in Bousley v. United States , 523 U.S. 614, 118 S. Ct. 1604 (1998), the Court held that claims based on pre-Bailey convictions under S 924(c)(1) are properly raised in habeas petitions. See 118 S. Ct. at 1609-10. We therefore conclude that the one-year period of limitations under S 2255(3) began to run on May 18, 1998, the date Bousley was decided.[7] In so holding, we follow the decisions of several of our sister circuits. See Lloyd, 188 F.3d at 187-88 (holding that S 2255 motion based on Bailey was timely where filed within one year of the Bousley decision); In re Vial, 115 F.3d 1192, 1197 n.9 (4th Cir. 1997) (pre-Bousley case holding that under S 2255(3) statute of limitations would not begin to run until Supreme Court ruled on the collateral availability of the rule in Bailey).[8] Valdez's motion, filed before Bousley, was timely; accordingly, we reverse the district court's decision dismissing it as time-barred.[9]
 
 
 18
 The government did not assert in the district court that Valdez's claim was procedurally defaulted by his failure to raise it on his direct appeal. "Ordinarily, the government's failure to raise the petitioner's procedural default at the appropriate time waives the defense." United States v. Barron, 172 F.3d 1153, 1156 (9th Cir. 1999) (en banc) (citation omitted). Here, however, the government only filed a motion to dismiss, which was granted, and never filed an answer to the S 2255 motion. We thus deem it premature, at this stage, to hold that the government has waived any possible procedural default defense.[10]
 
 III.
 
 19
 Because Valdez's S 2255 motion was timely, we reverse the district court's decision. We remand the case for consideration of the merits of Valdez's motion and any defenses (other than the statute of limitations) that may be raised by the government. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (reversing district court's decision thatS 2254 petition was time-barred and remanding for determination of the merits).
 
 
 20
 REVERSED and REMANDED.
 
 
 
 Notes:
 
 
 [1]
 A prisoner authorized to seek relief under S 2255 may not petition for habeas corpus relief under S 2241 if " `the applicant has failed to apply for relief, by [S2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.' " United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. S 2255).
 
 
 [2]
 In 1998, Congress substantially amended S 924(c) to make it a crime to possess a firearm in furtherance of a crime of violence or a drug trafficking crime. See 18 U.S.C. S 924(c)(1)(A) (1998). This amendment does not affect our analysis because Valdez was convicted before the statute made mere "possession" criminal.
 
 
 [3]
 Before the district court, Valdez did not contend that his motion was timely under S 2255(3), and on appeal, he did so only in his reply brief, and even then only generally raised the provision. We find, however, that this is an appropriate case in which to exercise our discretion to consider the issue after calling for and receiving supplemental briefing on the issue. Not only is the issue strictly a matter of statutory interpretation, but manifest injustice would result were we not to consider it. See Resolution Trust Corp. v. First Am. Bank, 155 F.3d 1126, 1129 (9th Cir. 1998) (while court generally will not consider issue first raised on appeal, it may do so if issue is purely legal or when review will prevent manifest injustice); United States v. Ullah, 976 F.2d 509, 514 (9th Cir. 1992) (court may consider argument not raised in opening brief if failure to do so would result in manifest injustice).
 
 
 [4]
 Similarly, S 2255's limitations provision differs from its provision governing the propriety of successive S 2255 motions under which a successive motion can be certified if it contains " a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. S 2255 (emphasis added).
 
 
 [5]
 Our decision today does not foreclose future reliance on the principle that S 2254 and S 2255 should be read in pari materia where the context suggests that this would be proper. See United States v. Flores, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998), cert. denied, 119 S. Ct. 846 (1999).
 
 
 [6]
 It is unclear from the record whether Valdez's S 924(c) conviction was based on the "use" or "carry" prong of the statute -- the indictment alleges both. For statute of limitations purposes, however, it makes no difference because the Supreme Court's "new" interpretation of the "carry" prong of S 924(c) was not rendered until June 8, 1998. See Muscarello v. United States, 118 S. Ct. 1911 (1998).
 
 
 [7]
 We note that S 2255(3) does not specify whether the Supreme Court itself must have declared the right retroactive, or whether it is enough that this court have done so. Even if S 2255(3) is triggered when this court holds that a rule newly recognized by the Court may be applied retroactively, Valdez's motion was timely. While we considered a challenge based on Bailey under S 2255 in a case decided in February, 1996, see United States v. Garcia, 77 F.3d 274 (9th Cir. 1996), that case preceded the enactment of the AEDPA and did not consider whether the rule in Bailey was retroactively applicable. Further, the question of whether a prisoner could avail himself of the Bailey holding on collateral review of a conviction finalized before Bailey was treated as an open question in this circuit after Garcia. See, e.g., United States v. Lorentsen, 106 F.3d 278, 279 (9th Cir. 1997).
 
 
 [8]
 The Second Circuit has suggested in dicta that the limitations period under S 2255(3) may run from the date of the Bailey decision itself. See Triestman v. United States, 124 F.3d 361, 371 & n.13 (2d Cir. 1997). Because Bailey involved a direct appeal, the Court's decision did not address the retroactivity issue with respect to collateral relief, and thus that decision alone could not trigger the period of limitations under S 2255(3).
 
 
 [9]
 The district court did not have the benefit of Bousley, which was not decided until after the district court rendered its decision.
 
 
 [10]
 We express no view on the merits of such a defense. Because we have concluded that Valdez's motion was timely, we do not reach the issues of whether the statute of limitations should have been equitably tolled or whether, if the statute of limitations had barred him from bringing a S 2255 motion, he could have brought a petition under 28 U.S.C. S 2241 because his S 2255 remedy was inadequate.