**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael E. SAVAGE, Defendant–**
**Appellant.**

No. 01–16227.

D.C. Nos. CV–00–02993–CAL,
CR–91–00509–WFN.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002.*

Decided April 16, 2002.

Before BROWNING, KLEINFELD,
and GOULD, Circuit Judges.

MEMORANDUM**

Michael E. Savage appeals pro se the denial of his 28 U.S.C. § 2255 motion. Savage challenges his 210–month sentence imposed following his conviction for 89 counts of aiding and abetting mail fraud, aiding and abetting wire fraud, international money laundering, laundering criminally derived property, aiding and abetting the making of false statements on a bank loan application, aiding and abetting obstruction of justice, making false statements, and submitting false tax returns, all in violation of 18 U.S.C. §§ 2, 1341, 1343, 1956(a)(2)(A), 1956(a)(2)(B)(i), 1957, 1014, 1505, 1001, and 26 U.S.C. § 7206. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Savage contends that his sentence was imposed in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the monetary amount used to enhance his sentence was not submitted to the jury or proven beyond a reasonable doubt. This contention is foreclosed by our decision in *United States v. Sanchez–Cervantes,* 282 F.3d 664, 667–71 (9th Cir.2002) (concluding that *Apprendi* does not apply retroactively to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

cases on initial collateral review).[1]

**AFFIRMED.**

---

1. Although the district court did not rule on whether Savage's § 2255 motion was timely, we do note that because *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is not retroactively applicable to cases on collateral review, Savage's § 2255 motion is time-barred. *See* 28 U.S.C. § 2255(3); *see also United States v. Valdez,* 195 F.3d 544, 546–48 (9th Cir.1999).

