**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose REYES–OLIVEROS,**
**Defendant–Appellant.**

No. 01–35711.

D.C. No. CV–01–00068–FVS.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted April 8, 2002.*

Decided April 17, 2002.

Before BROWNING, KLEINFELD and GOULD, Circuit Judges.

MEMORANDUM**

Jose Reyes–Oliveros appeals pro se the denial of his 28 U.S.C. § 2255 motion challenging his 188–month sentence imposed following his guilty plea convictions for conspiracy to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. § 846; and being an aggravated felon alien found in the United States after deportation, in violation of 8 U.S.C. § 1326(b)(2). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Reyes–Oliveros contends that his sentence is unconstitutional and violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because his sentence was enhanced based on a drug quantity finding that was neither alleged in the indictment, nor submitted to the jury. This contention is foreclosed by our decision in *United States v. Sanchez–Cervantes,* 282 F.3d 664, 667–71 (9th Cir.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Although the district court did not rule on whether Reyes–Oliveros' § 2255 motion was timely, we do note that because *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is not retroactively applicable to cases on collateral review, Reyes–

---

2002) (concluding that *Apprendi* does not apply retroactively to cases on initial collateral review).[1]

**AFFIRMED.**

---

Oliveros' § 2255 motion is time-barred. *See* 28 U.S.C. § 2255(3); *see also United States v. Valdez,* 195 F.3d 544, 546–48 (9th Cir.1999).

