**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES MORRISON,
                    *Petitioner-Appellant,*

v.

MICHAEL MAHONEY, Warden,
Montana State Prison,
                    *Respondent-Appellee.*

No. 03-35161

D.C. No.
CV-99-00151-RWA

OPINION

Appeal from the United States District Court
for the District of Montana
Richard W. Anderson, Magistrate Judge, Presiding

Argued and Submitted
August 2, 2004—Seattle, Washington

Filed February 23, 2005

Before: Cynthia Holcomb Hall, Andrew J. Kleinfeld, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Callahan

## COUNSEL

Michael Donahue, Esq., Assistant Federal Defender, Helena, Montana, for the defendant-appellant.

Carol E. Schmidt, Esq., Assistant Attorney General, Helena, Montana, for the plaintiff-appellee.

## OPINION

CALLAHAN, Circuit Judge:

James Morrison ("Morrison") appeals the denial of his habeas petition by the district court pursuant to 28 U.S.C. § 2254. Morrison contends that the district court erred in finding that various of his habeas claims were barred by procedural default. He asserts that the appellee, Michael Mahoney, the warden of the Montana State Prison ("the State"), waived this defense by failing to raise it in a timely manner. In addition, Morrison has filed a motion to this court to broaden the Certificate of Appealability ("COA") to include the issue of whether the state trial court violated his Sixth Amendment right to counsel by failing to properly investigate his complaints about his trial counsel. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm the district court's denial of the habeas petition, and deny Morrison's motion to broaden the COA.

## I.  BACKGROUND

### A   State trial court proceedings

On September 18, 1990, Morrison was charged with having sexual intercourse without consent in violation of Mont. Code Ann. § 45-5-503. During the arraignment, the court appointed counsel for Morrison. On October 29, 1990, Morrison wrote a letter to the trial judge, requesting new counsel and complaining that he had not yet met with his attorney, Adams, to review his case. The court responded on November 1, 1990, with a letter to Adams that enclosed the letter from Morrison and stated "Please see Mr. Morrison about this matter. Please see me about this matter." Nothing more about this matter appears in the record until after trial, but it is apparent that Adams continued to represent Morrison.

Following trial, a jury convicted Morrison of the charges against him. Prior to sentencing, Morrison again made a

request for new counsel, which the court denied without a hearing. The court, however, appointed co-counsel and continued the sentencing hearing for one week. Morrison was sentenced to 20 years in prison plus three additional years for use of a weapon during the rape. He was designated a dangerous offender for parole purposes.

### B  Direct appeal

Morrison retained new counsel on his appeal to the Montana Supreme Court. The Montana Supreme Court rejected Morrison's argument that the trial court erred in not holding a hearing concerning his October 29, 1990, request for substitute counsel. The Montana Supreme Court remanded the matter for resentencing, however, because the trial court did not provide reasons for designating Morrison a dangerous offender. On remand, the trial court resentenced Morrison, ultimately imposing a sentence of identical duration.

### C  State post-conviction relief

Morrison filed a series of petitions for post-conviction relief to the Montana Supreme Court. The Montana Supreme Court rejected his arguments that his trial and appellate counsel had provided ineffective assistance, and denied several of Morrison's other claims as time-barred and procedurally barred.

### D  Federal habeas proceedings

On October 6, 1999, Morrison filed a habeas petition in United States District Court in the District of Montana. In his petition, he presented a total of sixteen claims. The State filed a motion to dismiss the petition on statute of limitations grounds, which the district court granted.

Morrison appealed to this court and we reversed and remanded for further consideration in light of our recent hold-

ing in *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000)(en banc). We instructed the district court to hold an evidentiary hearing as to whether Morrison would be entitled to equitable tolling of the statute of limitations pursuant to *Whalem/Hunt*.

On remand, the State abandoned its statute of limitations defense and instead filed an answer to Morrison's habeas petition. The State argued that most of Morrison's claims were procedurally barred because they were not timely raised in state court and were otherwise barred on independent state grounds. The district court agreed, and dismissed all but three of Morrison's claims as barred. It rejected Morrison's remaining claims on their merits.[1]

Morrison filed a timely Notice of Appeal and a Motion for a COA to the district court. The district court granted the COA only as to Morrison's claim that the State had waived its defense of procedural default. Morrison's counsel then filed a motion to this court to broaden the COA to include the issue of whether Morrison was denied effective assistance of counsel due to the trial court's failure to investigate his complaints concerning counsel. We first consider Morrison's claim that the State waived its procedural default defense and then turn to his motion to broaden the COA.

## II. DISCUSSION

### A  Procedural Default

A district court's dismissal of a petition for writ of habeas

---

[1]These claims were that: (1) the trial court erred in failing to hold a hearing on Morrison's motion to substitute trial counsel; (2) Morrison's trial counsel failed to interview and subpoena defense witnesses; and (3) Morrison's appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in failing to locate, interview, and subpoena two defense witnesses.

corpus due to procedural default is reviewed de novo. *Dubria v. Smith*, 224 F.3d 995, 1000 (9th Cir. 2000) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1072 (9th Cir. 2003).

The procedural default doctrine "bars federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Calderon v. United States District Court*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotations omitted). The petitioner can avoid the effect of a procedural default by showing cause and prejudice or manifest injustice. *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1307 (9th Cir. 1996).

### 1. Express waiver

[1] Morrison contends that the State expressly waived its procedural default defense because, after we remanded this matter to the district court, the State filed a document[2] in which it asserted that it preferred that the petition move forward in the federal courts. Morrison contends that this statement is a waiver by the State of all its defenses in order to argue the claims presented on the merits.[3] We do not read the

---

[2]The document provides as follows:

> In light of the procedural circumstances of this case, the State will make no response to Morrison's affidavit and memorandum, dated May 20 and 23, 2002, respectively. The State does not agree with or concede that Morrison's assessment of the case and facts regarding his alleged inability to access legal documents are correct. The State, however, would prefer to allow Morrison's petition to move forward in the federal courts. The State therefore no longer wishes to pursue its opposition to Morrison's petition based upon 28 U.S.C. § 2244(d)(1) and requests that it be allowed seven days, or until September 23, 2002, to file an Answer or other appropriate response to Morrison's Petition for Writ of Habeas Corpus.

[3]*See Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998) (noting that a state's purposeful waiver of a procedural default defense should be given special weight by a district court).

document in this way. The document provides, in part, that "the State therefore no longer wishes to pursue its opposition to Morrison's petition based upon 28 U.S.C. § 2244(d)(1) . . . ." Section 28 U.S.C. § 2244(d)(1) imposes a one-year statute of limitations on habeas petitioners. A review of the document therefore shows that it is not a blanket waiver of the State's defenses, but only a waiver of the argument concerning the statute of limitations. We therefore reject Morrison's argument that the State expressly waived its procedural default defense.

### 2.   *Implied Waiver*

Morrison next argues that the State impliedly waived the procedural default defense by failing to raise this defense in a timely manner. In particular, Morrison claims that the procedural default defense was not timely raised because it was not presented until after the matter was returned on remand to the district court. He contends that the State forever waived its procedural default defense by not raising it in its January 20, 2000, motion to dismiss that contained its initial statute of limitations defense.

**[2]** Morrison cites *Franklin v. Johnson,* 290 F.3d 1223 (9th Cir. 2002), as controlling. There, we held that the State may not raise a defense of procedural default for the first time before the court of appeals.[4] Morrison contends that, following the logic of *Franklin*, the State also may not raise a procedural default defense to the district court for the first time on

---

[4]We have previously held that the State waives its procedural default defense if it does not raise it at the district court level. *See Batchelor v. Cupp*, 693 F.2d 859, 864 (9th Cir. 1982). We have found sound policy reasons to support the requirement that the State identify procedural default issues before the district court. These reasons include a belief that the state's representative is in the best position to know if "a federal habeas petitioner has failed to comply with state procedures . . . and argue in federal court that the state has an interest in barring federal review of the merits." *Id.*

remand. But Morrison's argument does not follow the logic of *Franklin* at all. Generally a party cannot raise on appeal contentions that were not raised below, because the trial court should have the first opportunity to address the issues. *Beech Aircraft Corp. v. U.S.*, 51 F.3d 834, 841 (9th Cir. 1995). That principle does not imply that a party cannot raise on a remand a point not reached when that same party prevailed previously.

[3] Here, the district court granted the State's initial motion to dismiss which asserted only a statute of limitations argument. Morrison appealed and we remanded the matter back to the district court for reconsideration. Morrison contends, however, that in the civil litigation context, affirmative defenses may be waived when they are not raised early in a judicial proceeding. Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived. *See* Fed. R. Civ. P. 8(c); Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 12(g).[5]

[4] Rule 7(a) defines "pleadings" as a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; and a third party complaint and answer. Anything else is a motion or paper. The requirement in Rule 8(c) that a party set forth the affirmative defenses listed in that rule applies only to responsive "pleadings," not to motions. A motion to dismiss is not a pleading. Unless a court has ordered otherwise, separate motions to dismiss may be filed asserting different affirmative defenses. *See Hawkins v. Risley*, 984 F.2d 321, 324 n.5 (9th Cir. 1993).

[5] We have extended similar principles to the habeas context. For example, we recently joined the Third and Sixth Cir-

---

[5]28 U.S.C. § 2254 R. 11 makes the Federal Rules of Civil Procedure applicable to habeas petitions to the extent they are not inconsistent with the Habeas Rules.

cuits in holding that a state waives its statute of limitations defense by filing a responsive pleading that fails to affirmatively set forth the defense. *Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004). In *Nardi*, we stated that "[t]here is no dispute that AEDPA's statute of limitations is an affirmative defense. . . . Accordingly, Federal Rules of Civil Procedure 8(c) and 12(b) require that the state raise the statute of limitations in its first responsive pleading to avoid waiving the defense." *Id.* at 1140.

**[6]** Procedural default, like the statute of limitations, is an affirmative defense. *Vang*, 329 F.3d at 1073. We therefore follow *Nardi* and hold that the defense of procedural default should be raised in the first responsive pleading in order to avoid waiver. The issue remains, however, whether the State's motion to dismiss can fairly be construed as its first responsive pleading. The State argues that its answer following remand, and not its initial motion to dismiss, was its first responsive pleading. We agree.

**[7]** This case is governed by *United States v. Valdez*, 195 F.3d 544 (9th Cir. 1999). In *Valdez*, this court held that a procedural default defense was not waived by the failure of a state to raise it in a motion to dismiss. In *Valdez*, this court reversed a district court's dismissal of a habeas petition on statute of limitations grounds for reconsideration in light of any other available defenses. The court noted that such defenses would normally be waived by the government's failure to raise it to the district court, but that "[h]ere . . . the government only filed a motion to dismiss, which was granted, and never filed an answer to the § 2255 motion." *Id.* at 548. The court concluded that "[w]e thus deem it premature, at this stage, to hold that the government has waived any possible procedural default defense." *Id.* We similarly hold that, on the facts of this case, the State did not waive its procedural default defense.

**[8]** Furthermore, in the analogous context of civil litigation, we have held that a motion to dismiss is not a responsive

pleading within the meaning of the Federal Rules of Civil Procedure. *See Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003) ("In any event, the motion to dismiss was not a responsive pleading within the meaning of Fed. R. Civ. P. 15(a).") It therefore follows that in this case, the State's motion to dismiss was not a responsive pleading that required the State to raise or waive all its defenses.

## B   Request for a Certificate of Appealability

**[9]** We deny Morrison's motion to expand his COA to include a claim of ineffective assistance of counsel. He did not fairly present this to the highest court of the State of Montana, and appears, in any event, to have no claim of denial of the federal right to the effective assistance of counsel that would be debatable among jurists of reason.

For the foregoing reasons, the district court's order dismissing Morrison's habeas petition is AFFIRMED, and his motion to broaden his COA is DENIED.