Richard M. CROSS, Petitioner—
Appellant,

v.

PELICAN BAY STATE PRISON; Placer County Superior Court; State of California; Robert McGrath, Respondents—Appellees.

No. 04–17519.
D.C. No. CV–98–00115–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2005.*

Decided July 25, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

J. Toney, Woodland, CA, for Petitioner–Appellant.

Clayton Susumu Tanaka, AGCA–Office of the California Attorney General Department of Justice, Sacramento, CA, for Respondents–Appellees.

Before SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

### MEMORANDUM**

Richard M. Cross, a California state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He argues he was denied a fair trial because (1) the trial court refused his request for a new attorney; (2) he was shackled to his chair during jury selection; and (3) he received ineffective assistance of counsel. We will reverse only if the state court's decisions were contrary to, or involved an unreasonable application of, clearly established Federal law, or were based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). We affirm.

### DISCUSSION

1. *New Counsel*

■ Cross sought a new attorney on the first day of his trial. He contends the trial court did not adequately review the request and improperly denied it. We disagree. The record indicates the court held a hearing and permitted Cross to explain why his present counsel was inadequate and why he needed a different attorney. Moreover, the Sixth Amendment does not guarantee a "meaningful relationship" between the accused and his counsel. *Morris v. Slappy*, 461 U.S. 1, 13–14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). In evaluating Sixth Amendment claims, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer." *United States v. Cronic*, 466 U.S. 648, 657 n. 21, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The district court correctly determined that Cross "did not provide any evidence to show a total lack of communication with his counsel … [or] that additional investigation or consultation with his trial counsel would have assisted his defense."

2. *Shackling*

■ Cross contends he had a constitutional right to be free of shackles in the presence of the jury. Neither the state court nor the federal court reached the merits of Cross's claim. Rather, both courts concluded that Cross waived review by failing to object at trial. We agree. Although Cross once commented to the trial judge that he was "shackled like an animal," Cross admits that "counsel did not object to her client's shackling." Thus, federal review is procedurally barred unless Cross can demonstrate cause and prejudice. *See Morrison v. Mahoney*, 399 F.3d 1042, 1045 (9th Cir.2005). He seeks to do so by arguing that his trial attorney provided constitutionally ineffective assistance of counsel.

3. *Ineffective Assistance of Counsel*

■ To succeed on his claim of ineffective assistance of counsel, Cross was required to show that his counsel's performance was constitutionally deficient and that

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

he suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He argues his attorney was ineffective because she met with him only once, failed to undertake any pretrial investigation, and did not object to his shackling. The district court ruled that counsel's conduct may have been deficient but that Cross failed to demonstrate prejudice. We agree.

To demonstrate prejudice, Cross was required to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. He failed to do so. As the district court noted, Cross refused to cooperate with his attorneys, the defense investigator, or the trial court judge. Moreover, there was overwhelming evidence of Cross's guilt because he was literally caught in the act—"petitioner was seen committing the burglary by a police officer who then attempted to arrest petitioner, ending up in a high speed car chase, where the stolen property was found in the stolen car and later identified by the burglary victims." There is no "reasonable probability" that the outcome of his case would have been different but for counsel's errors.

**AFFIRMED.**