**Bobby J. SCOTT, Petitioner—Appellant,**

v.

**Dora B. SCHRIRO,\* Attorney General of the State of Arizona, Respondent—Appellee.**

No. 05–15010.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Aug. 14, 2006.

Filed Sept. 7, 2006.

Tara K. Allen, Esq., Law Office of Tara K. Allen, Bigfork, MT, for Petitioner–Appellant.

Cassie Bray Woo, Esq., Office of the Attorney General, Phoenix, AZ, for Respondent–Appellee.

---

\* Dora B. Schriro is substituted for her predecessor, Terry L. Stewart, as Director of the Arizona Department of Corrections. Fed. R.App. P. 43(c)(2).

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM **

Petitioner Bobby J. Scott ("Scott") appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We granted Scott's request for a certificate of appealability as to the issue "whether the district court erred in denying [Scott's] § 2254 petition as procedurally defaulted, including the question of whether the procedural default doctrine was waived when the government did not raise the issue." We have jurisdiction under 28 U.S.C. § 2253 and affirm.

■ We conclude that the government did not waive the procedural default defense by not raising the issue in its motion to dismiss, despite the magistrate judge's construal of the government's motion to dismiss as an answer. *See Morrison v. Mahoney,* 399 F.3d 1042, 1046–47 (9th Cir. 2005). Further, the district court did not err in raising the procedural default issue *sua sponte. See Boyd v. Thompson,* 147 F.3d 1124, 1127–28 (9th Cir.1998); *see also Windham v. Merkle,* 163 F.3d 1092, 1100–01 (9th Cir.1998).

■ We next consider whether the district court erred in denying Scott's habeas petition as procedurally defaulted. "For the procedural default rule to apply, . . ., the application of the state procedural rule must provide 'an adequate and independent state law basis' on which the state court can deny relief." *Park v. California,* 202 F.3d 1146, 1151 (9th Cir.2000) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). If we find the state court denied relief on an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." *Noltie v. Peterson,* 9 F.3d 802, 804–05 (9th Cir.1993).

Scott contends that the Arizona Court Appeals failed to consider his claims because he filed his petition for review in the wrong court under Arizona Rule of Criminal Procedure 32.9(c),[1] which he argues is not "adequate" to render his habeas petition procedurally defaulted.[2] He asserts that at the time he filed his petition for review, the Arizona Court of Appeals did not "regularly follow" Rule 32.9(c)'s requirement that a petition for review by the Arizona Court of Appeals had to be filed with the trial court. *See Fields v. Calderon,* 125 F.3d 757, 760 (9th Cir.1997). Scott argues that the Arizona Court of Appeals forwarded petitions for review mistakenly filed with the appellate court to the trial court. For support, Scott relies on a response from the Clerk of the Arizona Court of Appeals of Division One that the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. At the time of Scott's state petition, Arizona Rule of Criminal Procedure 32.9(c) required that a petition for review be filed in the trial court within thirty days after the final deci-

sion of the trial court on the petition for post-conviction relief or motion for rehearing.

2. In addition to adequacy, a state procedural ruling must be independent of federal law in order to preclude federal review. *See Coleman,* 501 U.S. at 729, 111 S.Ct. 2546. Scott does not contest that Rule 32.9(c) is independent of federal law.

clerk was told that it was, during the relevant time period, the Arizona Court of Appeals' practice to forward misfiled petitions for review to the trial court.

Scott has not satisfied his initial burden of demonstrating the inadequacy of Rule 32.9(c). *See Bennett v. Mueller,* 322 F.3d 573, 586 (9th Cir.2003). He has presented no evidence that there was any variation in the Arizona courts' application of Rule 32.9(c)'s requirement that a petition for review had to be filed with the trial court within thirty days. Even assuming that the Arizona Court of Appeals routinely assisted litigants by forwarding incorrectly filed petitions to the trial court, there is no indication that those petitions were filed, for purposes of Rule 32.9(c), unless and until they arrived at the trial court. For example, no evidence suggests that a petition sent within thirty days to the Arizona Court of Appeals and subsequently forwarded, but not filed in the trial court until after thirty days, would have been considered timely. In other words, there is no indication that the forwarded petitions were timely if they did not comply with Rule 32.9(c) by being filed in the trial court within thirty days. And there has been no showing of when, if ever, Scott's petition for review was filed in the state trial court, or that the state considered such a petition as having been filed in the trial court on the date it was received in the Arizona Court of Appeals.

We conclude Scott has failed to show that Arizona Rule of Criminal Procedure 32.9(c) was not regularly followed. That rule is an adequate and independent state ground that renders Scott's habeas petition procedurally defaulted.

We next consider whether Scott can demonstrate prejudice as a result of his procedural default.[3] To establish prejudice resulting from a procedural default, a petitioner bears the burden of showing that he suffered a constitutional error that worked to his actual and substantial disadvantage. *See United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Scott has not shown that the errors he complains of, which he alleges occurred during his plea process, were errors of constitutional magnitude. Thus, he has not demonstrated prejudice from the procedural default and it is unnecessary for us to address whether he can show cause for that default. *See id.* at 168, 102 S.Ct. 1584.

The district court did not err in denying Scott's habeas petition as procedurally defaulted.

**AFFIRMED.**

---

**3.** Scott has not attempted to make a showing of a fundamental miscarriage of justice so we

need not consider this alternative basis for relief.