**Kendrick Jamel COLLIER,
Petitioner—Appellant,**

v.

**Eldon K. McDANIEL, et
al., Respondents—
Appellees.**

No. 06–16667.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 6, 2007.

Paul G. Turner, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided

David K. Neidert, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: BRUNETTI, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Kendrick Collier, a Nevada state prisoner, appeals the district court's denial of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.

Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

To obtain relief under § 2254, Collier must show that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1); *see Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). We review the last reasoned decision of the state court. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803–04, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); *Barker v. Fleming,* 423 F.3d 1085, 1091–92 (9th Cir.2005).

First, Collier contends that trial counsel rendered ineffective assistance by misinterpreting his prior gross misdemeanor conviction as a felony and eliciting testimony relating to that conviction at

by 9th Cir. R. 36–3.

trial. An ineffective assistance of counsel claim requires a showing of deficient performance and prejudice. *See Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The state supreme court addressed prejudice, concluding that Collier failed to demonstrate that any error by counsel "rendered the jury's verdict unreliable." In light of the evidence presented at trial, this conclusion was not objectively unreasonable. Because courts may consider either prong of *Strickland*'s test first and need not address both prongs if either one fails, the state supreme court was not required to analyze deficient performance. *See Young v. Runnels,* 435 F.3d 1038, 1043 (9th Cir. 2006) (citing *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052).

■ Second, Collier contends that the evidence presented at trial was insufficient to support his convictions. A sufficiency of the evidence analysis requires a court to decide whether the evidence, viewed in the light most favorable to the prosecution, would allow any rational trier of fact to find the defendant guilty beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Collier was identified at trial as one of three men "exit[ing] a vehicle from which shots had just been fired" and an eyewitness stated that she had seen "three guys outside and they were firing off guns," "maybe two rounds each." Because a rational trier of fact could find Collier guilty beyond a reasonable doubt, the state supreme court's decision was not an objectively unreasonable application of *Jackson. See id.*

Third, Collier contends that the district court erred by considering evidence not relied upon by the state court when performing its *Jackson* analysis. However, a reviewing court considers the totality of the evidence when evaluating a state court's application of *Jackson* for objective unreasonableness. *See Sarausad v. Porter,* 479 F.3d 671, 678 (9th Cir.2007), *vacated in part on other grounds,* 503 F.3d 822 (9th Cir.2007).

■ Fourth, Collier contends that the trial court's exclusion of a prior inconsistent written statement violated the Sixth Amendment's Confrontation Clause. The "Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Kentucky v. Stincer,* 482 U.S. 730, 739, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (quoting *Delaware v. Fensterer,* 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985)). As the state supreme court noted, "Collier's attorney questioned Murillo regarding the inconsistencies" between her written statement and her testimony at trial. The only limitation placed on Collier's cross-examination of Murillo was that the written statement itself was not admitted into evidence. Because defense counsel had a full opportunity to cross-examine Murillo as to the contents of the statement, excluding it did not involve an objectively unreasonable application of clearly established Supreme Court precedent.

Collier also raises two uncertified issues, which we construe as a motion to expand the Certificate of Appealability ("COA"). *See* 9th Cir. R. 22–1(e). "The required showing for originally obtaining a COA on a claim remains the standard by which this court reviews the broadening of a COA. A habeas petitioner's assertion of a claim must make a 'substantial showing of the denial of a constitutional right.'" *Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (quoting 28 U.S.C. § 2253(c)(2)). Neither of Collier's two issues meets this standard and thus we decline to expand the COA.

■ Collier first contends that we should consider his ineffective assistance of counsel at sentencing claim. Because counsel advanced numerous arguments at sentencing, whether counsel's failure to do even more constituted deficient performance is not debatable among jurists of reason. *See Morrison v. Mahoney*, 399 F.3d 1042, 1047 (9th Cir.2005) (refusing to expand COA because ineffective assistance of counsel claim not debatable among jurists of reason).

■ Finally, Collier contends that the district court erred by denying his motion for an evidentiary hearing. However, as noted by the district court, Collier made "only a conclusory assertion," and provided "absolutely no argument in the COA application in any way tending to establish how the requirements for a evidentiary hearing ... were satisfied." This claim, too, is not debatable among jurists of reason.

**AFFIRMED.**