MEMORANDUM *
Lumbermens Mutual Casualty Company (Lumbermens) appeals from the district court’s judgment in favor of U-Haul International, Inc., U-Haul of Pennsylvania, U-Haul Company of Florida (together, U-Haul), and Republic Western Insurance Company (Republic Western). The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We address Lumbermens’ argument that the district court abused its discretion by admitting computer-generated summaries in a companion published opinion.
Lumbermens argues that the district court erred in holding that the RGMM and RXMM policies issued by Republic Western include loss adjustment ex *210 pense payments within their aggregate limits. The text of the Products Aggregate Endorsement of each policy explicitly states that the aggregate limit is “[s]ubject to the limits of each occurrence.” The words “subject to” operate to incorporate the per occurrence limits language into the aggregate policy, and the limit of insurance for each occurrence unambiguously includes legal fees and other allocated expenses. Therefore, we hold that the RGMM and RXMM policies issued by Republic Western include loss adjustment expense payments within their aggregate limits. See Sparks v. Republic Nat’l Life Ins. Co., 132 Ariz. 529, 647 P.2d 1127, 1132 (1982) (“Provisions of insurance policies are to be construed in a manner according to their plain and ordinary meaning”); Liberty Ins. Underwriters, Inc. v. Weitz Co., LLC, 215 Ariz. 80, 158 P.3d 209, 212 (2007) (“Insurance policy provisions must be read as a whole, giving meaning to all terms”).
Lumbermens next argues that the limit of its excess policy was exhausted by payments on the earlier Martinez claim. We hold that this argument is waived because it was inadequately pled as an affirmative defense in the district court. See Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir.2005) (defenses not raised in a party’s first responsive pleading are generally deemed waived). Lumbermens did not plead the defense sufficiently to give U-Haul and Republic Western fair notice. See Wyshak v. City Nat’l Bank, 607 F.2d 824, 827 (9th Cir.1979) (per curiam). Lumbermens did allege in its answer that it had overpaid on the Fernandez claims, but alleged neither complete exhaustion of the excess policy nor the effect of payment on the Martinez claim on Lumbermens’ obligations. Further, the district court did not abuse its discretion in denying Lum-bermens’ motion to amend its answer and counterclaims to include allegations regarding exhaustion because the motion to amend was filed nearly ten months following the deadline for amending pleadings. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992) (“Disregard of the [scheduling] order would undermine the court’s ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier”). The district judge found that Lumbermens was aware of the facts underlying the Martinez claim long before the deadline to amend had passed, so the district judge did not abuse his discretion in holding that Lumbermens failed to demonstrate good cause to file the amended answer after the deadline set by the Case Management Order. See Fed. R.Civ.P. 16(b)(4).
Lumbermens also argues that loss adjustment expenses incurred by U-Haul, but ultimately paid by Republic Western, are not included within the occurrence limits of the RU policies issued by Republic Western. However, Lumbermens did not dispute in the district court that the defense costs, while paid by Republic Western, were ultimately U-Haul’s liability. See also Coconino County v. Fund Adm’rs Ass’n, Inc., 149 Ariz. 427, 719 P.2d 693, 696 (1986) (“ ‘Incur’ is generally accepted to mean ‘to become liable for,’ not ‘to pay for’ ”). Lumbermens does not dispute that the phrase “incurred by the insured,” as used in definition of “ultimate net loss” in the RU policy, means the amounts that U-Haul, as the insured, was legally obligated to pay. Therefore, the district court correctly concluded that loss adjustment expenses paid by Republic Western on behalf of U-Haul were properly included within the limits of the RU policy as part of the definition of “ultimate net loss.”
Lumbermens further argues that U-Haul failed to prove that the RA policy *211 allegedly underlying Lumbermens’ excess coverage had been exhausted. This argument was waived because it was not properly presented to the district court. Lumbermens did not identify the lack of exhaustion of the RA policy as a legal argument in' the final pretrial order, which controls the litigation. See Eagle v. Am. Tel. and Tel. Co., 769 F.2d 541, 548 (9th Cir.1985) (a new theory of relief will be barred if not included in the final pretrial order). Therefore, the district court did not abuse its discretion in refusing to address this argument because it was not preserved.
Lumbermens next argues that the evidence submitted at the trial was insufficient to support a money judgment for U-Haul and Republic Western. U-Haul and Republic Western submitted summaries of payments and refunds made to vendors on each claim. Republic Western’s witness, Matush, testified that claim adjustors reviewed and determined each payment’s reasonableness. U-Haul and Republic Western satisfied their burdens to prove damages by submitting the amounts paid on each claim, and Lumbermens did not present evidence to prove that any of Republic Western’s damages calculations was incorrect or that any payment was made incorrectly. Lumbermens contends that U-Haul and Republic Western failed to prove affirmatively that each payment made was a reasonable payment. The issue of reasonableness of payments made by Republic Western was not raised in the final pretrial order, and is therefore waived on appeal. See id. The evidence presented at trial was sufficient to support the judgment in favor of U-Haul and Republic Western.
Finally, Lumbermens contends that because Republic Western was the party that actually made payments on the claims at issue, U-Haul is not entitled to a “money judgment.” We agree with the district court’s holding that, because U-Haul is the insured under the Lumbermens policies, U-Haul is entitled to recover as set forth in the district court’s judgment.
Because we affirm the district court judgment, we also uphold the district court’s award of costs and fees to U-Haul and Republic Western.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.