**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

KEVIN HAUGH,

     Petitioner-Appellant,

v.

WARDEN BOOKER,

     Respondent-Appellee,

No. 99-3333

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 98-3018-RDR)

---

**SUBMITTED ON THE BRIEFS:**

Kevin Haugh, Pro Se.

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Kevin Haugh pled guilty in federal district court in Massachusetts to one count of conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5), and one count of using and carrying a firearm, or aiding and abetting the use and carrying of a firearm, in violation of 18 U.S.C. § 924(c) and § 2. He is presently confined in Leavenworth, Kansas. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the federal district court in Kansas challenging his firearms conviction on the basis of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). The district court ruled that Mr. Haugh could not proceed under section 2241 because 28 U.S.C. § 2255 was the appropriate remedy, and dismissed the petition. Mr. Haugh appeals and we affirm, albeit on different grounds than those relied on by the district court.[1]

# I

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

sentence." *Id.* (citations omitted). Section 2255 specifically

> prohibits a district court from entertaining an application for a writ of
> habeas corpus on behalf of a prisoner who is authorized to apply for
> relief by motion pursuant to § 2255 "if it appears that the applicant has
> failed to apply for relief, by motion, to the court which sentenced him, or
> that such court has denied him relief, unless it also appears that the
> remedy by motion is inadequate or ineffective to test the legality of his
> detention."

*Id.* (quoting 28 U.S.C. § 2255).

It is undisputed that Mr. Haugh has never filed a section 2255 motion with the

sentencing court in Massachusetts. The district court held relief under that section is

now barred because Mr. Haugh failed to file in Massachusetts federal court within the

one-year limitation period provided by the Antiterrorism and Effective Death Penalty

Act (AEDPA), which the court held in this case would have expired on April 24,

1997, one year after the effective date of the Act.[2] The court went on to hold that

section 2255 is not rendered inadequate or ineffective merely because such relief is

procedurally barred, and dismissed the motion.

We begin our consideration of this appeal with a chronology of relevant events.

Mr. Haugh was convicted by a guilty plea in June 1995. The Supreme Court

---

[2] Mr. Haugh originally asserted that a section 2255 motion would be barred
under *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In response the government
pointed out that *Dorsainvil* dealt with successive petitions and was thus not
relevant, and also noted that the claim might nonetheless be time barred. Mr.
Haugh then argued to the district court that relief under section 2241 was
appropriate because a section 2255 motion would be barred by the limitation
period.

handed down its decision in *Bailey* in December of that year.  Because Bailey vacated a conviction on direct appeal, however, the Court in that opinion did not address whether the issue could be raised on collateral review.  *See United States v. Lloyd*, 188 F.3d 184, 186 (3d Cir. 1999). Two and a half years later, on January 16, 1998, Mr. Haugh filed this petition asserting a collateral challenge to his firearms conviction under *Bailey*.  In May 1998, the Supreme Court resolved a split in the circuits and held that a defendant may raise a *Bailey* claim on collateral review.  *See Bousley v. United States*, 523 U.S. 614, 621 (1998).

The limitation period provided by AEDPA for section 2255 motions states in pertinent part that it shall run from the latest of, inter alia, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and *made retroactively applicable to cases on collateral review*."  28 U.S.C. § 2255(3) (emphasis added).  In *Bailey*, the Supreme Court recognized for the first time a defendant's right to be free of criminal liability under section 924(c)(1) for conduct that had previously supported a conviction in virtually every circuit, thus recognizing a new right within the meaning of section 2255(3).  *See United States v. Valdez*, 195 F.3d 544, 547 (9th Cir. 1999); *Lloyd*, 188 F.3d at 187.  Not until its decision in *Bousley*, however, did the Court make its decision retroactively applicable to cases on collateral appeal.  The one-year limitation period provided by section 2255(3) therefore arguably did not begin to run

-4-

on collateral *Bailey* claims until the decision in *Bousley* was handed down on May 18, 1998. *See Valdez*, 195 F.3d at 548; *Lloyd*, 188 F.3d at 188.

There appears to be a split in the circuits over whether the one-year limitation period in section 2255(3) begins to run when the Supreme Court holds a new right applicable on collateral review, or whether retroactive application by the Court of Appeals for the circuit encompassing the district court in which a prisoner was sentenced would suffice. *See Lloyd*, 188 F.3d at 188 & n.10 (citing cases). We need not address this issue, however, because the First Circuit, the circuit in which Mr. Haugh was sentenced, had not taken a position on the retroactivity of *Bailey* prior to the Court's decision in *Bousley*. *See United States v. Joseph*, 109 F.3d 34, 36 & n.2 (1st Cir. 1997) (noting issue but not reaching it).[3] Thus, because Mr. Haugh filed the instant proceeding before *Bousley* was decided, if his pro se petition is properly construed as seeking relief under section 2255 it might well be considered timely in the First Circuit. *See Valdez*, 195 F.3d at 548 (section 2255 motion filed before *Bousley* timely). We thus agree with the district court that section 2255 is the appropriate remedy, but disagree with the court's conclusion that the action would necessarily have been time-barred in the First Circuit had it been filed there instead of in Kansas, which is in the Tenth Circuit.

---

[3]In our circuit, on the other hand, we held in 1996 in *United States v. Barnhardt*, 93 F.3d 706 (10th Cir. 1996), that *Bailey* retroactively applies to cases on collateral review.

## II

Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction. Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action "if the transfer is in the interest of justice." *Federal Deposit Ins. Corp. v. McGlamery*, 74 F.3d 218, 220 (10th Cir. 1996). Mr. Haugh would now be time-barred if we upheld the dismissal and he had to file a new proceeding in the sentencing court in Massachusetts, a factor which the courts have recognized as militating in favor of transferring in the interest of justice.[4] *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (factors warranting transfer include finding that new action would be barred as untimely and fact that original action filed in good faith). *See also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). Nonetheless, as the court recognized in *Phillips*, a court is authorized to consider the consequences of a transfer by taking "a peek at the merits" to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed. *Id.* at 610-11. As we discuss briefly below, our quick look at the merits here convinces us that Mr. Haugh's request for relief is without merit.

---

[4] We note that a motion to transfer is not necessary in view of the mandatory language of section 1631. *See Hays v. Postmaster Gen. of United States*, 868 F.2d 328, 331 (9th Cir. 1989).

Mr. Haugh seeks relief under *Bailey* from his guilty plea to using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He argues that his conduct was no longer criminal after the Court in *Bailey* set out the elements of using a firearm under section 924(c). The record contains no evidence that Mr. Haugh brought a direct appeal challenging the sufficiency of the evidence under *Bailey*, or that he has shown cause and prejudice for his failure to do so. Consequently, he would only be entitled to relief by showing that he is actually innocent. *See Bousley*, 523 U.S. at 623.

Significantly, the sentencing judge made clear at Mr. Haugh's plea proceeding that he could be found guilty of aiding and abetting the use or carrying of a firearm. The government set out as the basis for the charge the following facts, which Mr. Haugh agreed were true. Mr. Haugh, another person, and the victim were together in a parked car when, on a prearranged signal, Mr. Haugh turned up the car radio as the other person shot the victim with a revolver and killed him instantly. Mr. Haugh and the other person put the body of the victim in the trunk of the car and later dumped the body in a parking lot.

The conduct by the third person is indisputably sufficient to establish active deployment of a firearm so as to satisfy the use requirement of section 924(c) under *Bailey*, and it is also clear he carried a firearm within the meaning of the statute. Mr. Haugh's conduct is sufficient to establish his liability as an aider and abetter of the

third person by his knowing facilitation of the use and carrying of the firearm in connection with the murder. *See Santoro v. United States*, 187 F.3d 14, 17 (1st Cir. 1999) (rejecting section 2255 challenge to conviction for aiding and abetting the use of a firearm in light of *Bailey* and *Bousley*).[5]  Accordingly, Mr. Haugh's argument under *Bailey* is without merit and transfer of the proceeding would therefore not be in the interest of justice.

We **AFFIRM** the judgment of the district court dismissing the action for lack of jurisdiction.

---

[5]"*Bailey* did not alter the required elements for aiding and abetting." *Badamo v. United States*, No. 99-1081, 1999 WL 1338076, at \*\*1 (1st Cir. Sept. 16, 1999) (citing *Wright v. United States*, 139 F.3d 551, 552 (7th Cir. 1998)).