**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDDIE MYERS,

      Petitioner-Appellant,

v.

J. W. BOOKER, JR.,

      Respondent-Appellee.

No. 00-3232

(D.C. No. 00-CV-3182-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

    Petitioner Freddie Myers is an inmate at the United States Penitentiary in Leavenworth, Kansas. He was convicted in 1983 in the United States District Court for the Southern District of New York of conspiring to distribute heroin and to possess heroin with intent to distribute in violation of 21 U.S.C. § 846, and conducting a continuing

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

criminal enterprise in violation of 21 U.S.C. § 848. Petitioner is currently serving a forty year sentence.

The Second Circuit upheld Petitioner's conviction and sentence on direct appeal. United States v. Young, 745 F.2d 733 (2d Cir. 1984). Petitioner then filed a 28 U.S.C. § 2255 petition in the Southern District of New York which resulted in the district court vacating Petitioner's § 846 conviction in July 1997. Petitioner subsequently filed a second § 2255 motion in 1999 attacking his § 848 conviction, but the Second Circuit denied him permission to pursue that action. Next, Petitioner filed a 28 U.S.C. § 2241 petition in the District of Kansas. The district court denied the petition in April 2000 for failure to meet the criteria for pursuing a § 2241 petition. Finally, Petitioner, proceeding pro se, filed the instant § 2241 in the District of Kansas in May 2000.

In his § 2241 petition, Petitioner attempts to attack the validity of his conviction and sentence. Specifically, Petitioner claims (1) the district court illegally sentenced him under 21 U.S.C. § 848, (2) the district court erroneously failed to instruct the jury that it must unanimously agree on the series of violations required for a conviction under § 848, (3) his § 848 conviction is unlawful because it does not satisfy the element of involvement by five or more persons, and (4) the unlawful sentence under § 848 denies him parole consideration and the right to possess the property subjected to forfeiture.

The district court denied the petition, stating that "petitioner's claims, although artfully styled as challenges to the execution of his sentence, are attacks on the legality of

his confinement which fall squarely within the scope of § 2255, and petitioner's prior unsuccessful efforts to present his claims under that statutory provision do not entitle him to proceed under § 2241." Petitioner appeals the district court's denial of his § 2241 petition. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Normally, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000) (quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir.1996)). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw, 86 F.3d at 166. Only if Petitioner shows that § 2255 is "inadequate or ineffective" to challenge the validity of a judgment or sentence may a prisoner petition for such a remedy under 28 U.S.C. § 2241. Haugh, 210 F.3d at 1149. "'Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.'" Bradshaw, 86 F.3d at 166 (quoting Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)). Similarly, the mere fact that Petitioner is precluded from filing a successive § 2255 petition does not render the remedy either inadequate or ineffective. Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999).

We agree with the district court that in his § 2241 petition, Petitioner challenges the legality of his sentence and has not alleged any way in which § 2255 is legally

inadequate or ineffective to test his conviction and sentence. Accordingly, the district court properly dismissed Petitioner's § 2241 petition for the reasons stated in its order and judgment of dismissal, filed July 3, 2000. See Bradshaw, 86 F.3d at 167 (district court properly dismissed § 2241 petition where petitioner provided insufficient evidence that relief under § 2255 was unavailable). The judgment of the district court is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge