**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHNNY LYNN STEIN, aka Johnny
Stein,

        Petitioner - Appellant,

v.

E. J. GALLEGOS, Warden,

        Respondent - Appellee.

No. 02-1390
D.C. No. 02-Z-1238
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **KELLY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

     *     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The petitioner appeals the dismissal by the United States District Court for the District of Colorado of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We affirm.

In the petition filed in the district court, the petitioner challenged the legality of his conviction, following the entry of a guilty plea, for using and carrying a firearm during a drug trafficking offense entered by the United States District Court for the Northern District of Texas. He argued that his conviction is invalid under *Bailey v. United States*, 516 U.S. 137 (1995).

Normally, "'[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.'" *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.2000) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw*, 86 F.3d at 166. Only if the petitioner shows that § 2255 is "inadequate or ineffective" to challenge the validity of a judgment or sentence may a prisoner petition for such a remedy under 28 U.S.C. § 2241. *Id*. "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Id*. (quotation omitted).

The petitioner has not established the inadequacy or ineffectiveness of 28

U.S.C. § 2255.

Accordingly, the order of the district court is **AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court

Per Curiam