**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

JOSE CARLOS PINEDA,

      Petitioner - Appellant,

v.

E.J. GALLEGOS,

      Respondent - Appellee.

No. 03-1073
(D.C. No. 02-Z-2273)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Jose Carlos Pineda, a federal prisoner appearing pro se, appeals the dismissal of his 28 U.S.C. § 2241 habeas petition challenging his sentence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pineda was indicted in federal court in Texas on one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a)(1) and (b)(2). He allegedly pled guilty and was sentenced to 70 months' imprisonment. Pineda, who is confined at a federal correctional facility in Colorado, filed his § 2241 petition in federal court in Colorado seeking a reduction in his sentence to 24 months or less because the sentence imposed was unconstitutional and in violation of the terms of his plea agreement. The district court dismissed the petition, concluding Pineda's proper avenue of relief was to file a 28 U.S.C. § 2255 motion in the sentencing court.

We agree with the district court that § 2241 is not the appropriate vehicle for Pineda to challenge the length of his sentence. Generally speaking, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000) (internal quotation omitted). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). A defendant may file a petition under § 2241 only if he shows that § 2255 is "inadequate or ineffective" to challenge the validity of a judgment or sentence. Id. Because Pineda has not established the inadequacy or ineffectiveness of § 2255, we agree with the district court that his exclusive remedy for challenging the length of his sentence is to file a § 2255 motion with the

sentencing court.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge