**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GREGORY McBEE,

      Petitioner - Appellant,

v.

STEPHEN C. LEWIS, U. S.
ATTORNEY; CHARLES DANIELS,
WARDEN,

      Respondents - Appellees.

No. 05-5058
(D.C. No. 05-CV-184-HDC)
(N. D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **KELLY, HENRY,** and **TYMKOVICH,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Gregory McBee, proceeding *pro se*, appeals an order entered by the United

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

States District Court for the Northern District of Oklahoma dismissing his petition under 28 U.S.C. § 2241 for writ of habeas corpus.

In 1998, Petitioner McBee pleaded guilty in the district court for the Northern District of Oklahoma to two counts of knowingly using or carrying a firearm, and aiding and abetting the use or carrying of a firearm, during a crime of violence, in violation of 18 U.S.C. § 924(c) and § 2. *See United States v. McBee*, No. 97-CR-178-0003 (N.D. Okla. May 27, 1998). He did not appeal.

In 1999, he filed a 28 U.S.C. § 2255 motion under the Antiterrorism and Effective Death Penalty Act (AEDPA) claiming ineffective assistance of trial counsel. The district court denied the motion. *See McBee v. United States*, No. 99-CV-388 (N.D. Okla. July 26, 1999). He did not appeal. In May 2004, he filed a motion to dismiss the indictment, arguing that the indictment failed to include the essential elements of the offenses. The district court denied the motion. On appeal, he voluntarily dismissed his case. *See United States v. McBee*, No. 04-5116 (10th Cir. Aug. 27, 2004) (unpublished order). In July 2004, he filed a second § 2255 motion raising a sentencing claim under *Blakely v. Washington,* 542 U.S. 296 (2004) . The district court dismissed the motion for lack of jurisdiction. *See McBee v. United States*, No. 04-CV-574 (N.D. Okla. Aug. 16, 2004). He did not appeal. In February 2005, he filed a motion for authorization in this court seeking to raise sentencing claims under *United States v. Booker,* 543

2

U.S. 220 (2005), and *Blakely*. The motion was denied. *See McBee v. United States*, No. 05-5011 (10th Cir. Mar. 7, 2005) (unpublished order).

In April 2005, Gregory McBee, who is incarcerated at the Federal Correctional Institution in Sheridan, Oregon, filed a § 2241 petition in the Northern District of Oklahoma challenging his convictions based on the Supreme Court decision in *Bailey v. United States*, 516 U.S. 137 (1995). The district court dismissed the § 2241, concluding that it lacked jurisdiction because Petitioner was not incarcerated in Oklahoma but rather Oregon. The court further concluded that Petitioner's exclusive remedy for raising a *Bailey* claim was under § 2255 and not under § 2241, and that he could file a § 2255 motion in the Northern District of Oklahoma if the Tenth Circuit first granted him authorization under the AEDPA to do so. This appeal followed.

We review de novo a district court's dismissal of a petition under § 2241 for writ of habeas corpus. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

On appeal, Petitioner contends that his convictions under § 924(c) are invalid based on the decision in *Bailey*, and that he is actually innocent of these offenses because he did not use, carry, facilitate, or encourage the use of a firearm but rather only participated in the armed robberies.

Upon review of the record and appellate brief, the court concludes that the

3

district court was correct in dismissing the § 2241 petition. Judicial review of a § 2241 petition must be sought in the district where a prisoner is confined at the time of filing the petition rather than in the district where a prisoner is convicted and sentenced. *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). At the time of filing his § 2241 petition, Petitioner McBee was incarcerated in Oregon and not Oklahoma. In cases such as this one where relief is sought in the sentencing court, the sentencing court lacks jurisdiction to consider claims for relief under § 2241.

Furthermore, a § 2241 petition and a § 2255 motion have distinct purposes. A § 2241 petition is not the proper means to raise a *Bailey* claim as alleged by Petitioner. A motion under § 2255 in the district court for the Northern District of Oklahoma is the exclusive remedy for Petitioner to challenge his § 924(c) convictions unless there is a showing that the remedy is inadequate or ineffective. *See Haugh*, 210 F.3d at 1149. Courts have stressed that the remedy under § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1999). The fact that a petitioner is precluded from filing another § 2255 motion fails to establish that the remedy under § 2255 is inadequate. *See id.* at 1179. And although second or successive applications are restricted under the AEDPA, they are not prohibited. *See* 28 U.S.C. § 2244(b)(2), § 2255; *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

4

As to Petitioner's "actual innocence" claim, his reliance on *Bailey* is misplaced. Petitioner contends he could not be found guilty of using or carrying a firearm in connection with a crime of violence under § 924(c) because he was not the person who "actively employed" the gun used during the robberies. However, Petitioner was convicted of "aiding and abetting," which means he can be punished even if he did not touch the gun. *See* 18 U.S.C. § 2; *Haugh*, 210 F.3d at 1151. Also, Petitioner was convicted three years after *Bailey* was decided by the Supreme Court; therefore, *Bailey* was decided in time for him to raise it during his criminal proceedings and in his first § 2255 motion.

Because Petitioner McBee has an adequate and effective remedy under § 2255, his § 2241 petition is inappropriate.

Accordingly, the district court's order is **AFFIRMED**. Petitioner's motion for leave to proceed *in forma pauperis* is **GRANTED**. The mandate shall issue forthwith.

Entered for the Court

Per Curiam