**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BERNARD VALENCIA,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

No. 05-2155
(D.C. No. CIV-05-317 JB/DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **BRISCOE** and **TYMKOVICH,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The petitioner appeals the dismissal by the United States District Court for the District of New Mexico of his petition for writ of habeas

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

corpus filed pursuant to 28 U.S.C. § 2241. We affirm.

In the petition filed in the district court, the petitioner challenged a conviction and sentence imposed by the United States District Court for the District of Guam following his conviction for conspiracy to import methamphetamine. He alleged that his guilty plea was involuntary, that he was denied effective assistance of counsel, and that his sentence is unconstitutional under the *United States v. Booker*, 543 U.S. 220 (2005), line of cases. The district court determined that relief under § 2241 is not appropriate and dismissed.

Normally, "'[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.'" *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.2000) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw*, 86 F.3d at 166. Only if the petitioner shows that § 2255 is "inadequate or ineffective" to challenge the validity of a judgment or sentence may a prisoner petition for such a remedy under 28 U.S.C. § 2241. *Id.* "Failure to obtain relief under § 2255 does not establish that the remedy

2

so provided is either inadequate or ineffective." *Id*. (quotation omitted).

The petitioner has not established the inadequacy or ineffectiveness of 28 U.S.C. § 2255.

Accordingly the judgment of the district court is **AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court
PER CURIAM

3