**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY LEWIS DEDRICK,

     Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

     Respondent - Appellee.

No. 06-6010
(D.C. No. 05-CV-1195-R)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **KELLY** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The petitioner appeals the dismissal by the United States District Court for the Western District of Oklahoma of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We affirm.

In the petition filed in the district court, the petitioner challenged his conviction for aiding and abetting possession with intent to distribute 50 grams or more of cocaine base and the resulting sentence entered by the United States District Court for the Western District of Texas. He alleged that he was deprived of his due process rights because he did not receive notice of a possible sentence enhancement for being a career criminal, that his sentence was enhanced without required findings by a jury, that he was sentenced under unconstitutional sentencing guidelines, and that his guilty plea was involuntary. The district court dismissed.

Normally, "'[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.'" *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.2000) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw*, 86 F.3d at 166. Only if the petitioner shows that § 2255 is

2

"inadequate or ineffective" to challenge the validity of a judgment or sentence may a prisoner petition for such a remedy under 28 U.S.C. § 2241. *Id.* "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Id.* (quotation omitted).

The petitioner has not established the inadequacy or ineffectiveness of 28 U.S.C. § 2255.

Accordingly the judgment of the district court is **AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court

PER CURIAM

3