**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICKY LEE JONES,

　　　　　Petitioner-Appellant,

v.

WARDEN GALLEGOS,

　　　　　Respondent-Appellee.

No. 05-3288
(D.C. No. 05-CV-3042-RDR)
(D. Kansas)

**ORDER AND JUDGMENT** [*]

Before **HENRY, MURPHY**, and **O'BRIEN,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ricky Lee Jones, proceeding *pro se*, appeals an order entered by the United States District Court for the District of Kansas dismissing his petition under 28 U.S.C. § 2241 for writ of habeas corpus.

In 1996, Petitioner Jones was convicted in the United States District Court for the Southern District of Florida of possession of marijuana, carrying a firearm during and in relation to a drug trafficking offense, being a felon in possession of a firearm, and possession of an unregistered shotgun. On direct appeal, the United States Court of Appeals for the Eleventh Circuit affirmed his convictions. *See United States v. Jones,* Nos. 96-5089 and 97-4285 (11th Cir. Dec. 17, 1997) (unpublished). In 1998, he filed a motion under 28 U.S.C. § 2255 in the district court for the Southern District of Florida, which was denied. *See United States v. Jones*, No. 98-CV-885 (S.D. Florida Sept. 15, 1999). He did not appeal.

In January 2005, while incarcerated at the United States Penitentiary in Leavenworth, Kansas, Ricky Jones filed a § 2241 petition in the District of Kansas challenging his sentence under *United States v. Booker,* 543 U.S. 220 (2005). The district court dismissed the § 2241, concluding that the appropriate remedy was under § 2255 in the district court for the Southern District of Florida where Petitioner was convicted, and not under § 2241 in the District of Kansas. This appeal followed.

We review de novo a district court's dismissal of a petition under § 2241 for writ of habeas corpus. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.

2

1996).

On appeal, Petitioner asserts that the remedy under § 2255 is inadequate or ineffective because he has previously been denied such relief, and that he should be allowed to raise his *Booker* sentencing claim in a § 2241 petition because the *Booker* error at his trial in the district court for the Southern District of Florida caused a miscarriage of justice.

Upon review of the record and appellate brief, the court concludes that the district court was correct in dismissing the § 2241 petition. A § 2241 petition and a § 2255 motion have distinct purposes. A § 2241 petition is not the proper means to raise a *Booker* sentencing claim as alleged by Petitioner. A motion under § 2255 in the district court for the Southern District of Florida is the exclusive remedy for Petitioner to challenge his sentence unless there is a showing that the remedy is inadequate or ineffective. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). Courts have stressed that the remedy under § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1999). The fact that a petitioner is precluded from filing another § 2255 motion fails to establish that the remedy is inadequate. *See id.* at 1179. And although second or successive applications are restricted under the Antiterrorism and Effective Death Penalty Act, they are not prohibited. *See* 28 U.S.C. §§ 2244(b)(2), 2255; *Felker v.*

*Turpin*, 518 U.S. 651, 664 (1996).  Because Petitioner Jones has an adequate and effective remedy under § 2255 in the district court for the Southern District of Florida, § 2241 is inappropriate.

Accordingly, the district court's order and judgment are **AFFIRMED**. Petitioner's motion for judicial notice is **GRANTED**.  Petitioner's motion for appointment of counsel is **DENIED**.  The mandate shall issue forthwith.

Entered for the Court

Per Curiam