**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JEFFREY T. MILTON,

          Petitioner-Appellant,

v.

R. WILEY,

          Respondent-Appellee.

No. 06-1340
(D.C. No. 06-CV-946-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, O'BRIEN** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The petitioner appeals the dismissal by the United States District Court for the District of Colorado of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We affirm.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

In the petition filed in the district court, the petitioner challenged the sentence imposed by the United States District Court for the Middle District of Pennsylvania following his conviction for assaulting a correctional officer with a dangerous weapon. He alleged that the enhancement of his sentence for being a career offender was invalid because two of the prior convictions were subsequently vacated. The district court dismissed.

Normally, "'[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.'" *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.2000) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw*, 86 F.3d at 166. Only if the petitioner shows that § 2255 is "inadequate or ineffective" to challenge the validity of a judgment or sentence may a prisoner petition for such a remedy under 28 U.S.C. § 2241. *Id*. "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Id*. (quotation omitted).

The petitioner has not established the inadequacy or ineffectiveness of 28 U.S.C. § 2255.

Accordingly the judgment of the district court is **AFFIRMED**. The

-2-

mandate shall issue forthwith.

Entered for the Court
PER CURIAM