**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STANLEY D. PEARSON, SR.,

   Petitioner-Appellant,

v.

R. WILEY, Warden,

   Respondent-Appellee.

No. 06-1500
(D.C. No. 06-CV-01931-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

   Stanley Dale Pearson, Sr. appeals from the district court's denial of his application for habeas-corpus relief. We conclude that the court lacked jurisdiction and remand the case with directions to dismiss the petition without prejudice to his reasserting it in the proper forum.

---

[*]   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

While Mr. Pearson was incarcerated at the Bureau of Prisons' facility in Florence, Colorado, he was charged with and convicted of the disciplinary infraction of blackmail, which resulted in the loss of good-time credits and disciplinary segregation. After he was transferred to a prison in Terra Haute, Indiana, he filed an application for a writ of habeas corpus under 28 U.S.C. § 2241 in the federal district court in Colorado, claiming that his constitutional rights had been violated during the disciplinary proceeding. The court denied his application on the merits and this appeal followed.

This court has an independent duty to examine its own jurisdiction. *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1499 (10th Cir. 1994). In this circuit a challenge to a disciplinary hearing resulting in the forfeiture of good-time credits should be raised under § 2241 rather than § 2255. *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987). "A petition under . . . § 2241 attacks the execution of a sentence rather than its validity *and must be filed in the district where the prisoner is confined.*" *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added); *see also Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). At the time Mr. Pearson filed his petition he was confined in Indiana. Therefore, the federal district court in Colorado lacked jurisdiction to consider his petition. *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986).

The "jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh*, 210 F.3d at 1150 (internal quotation marks omitted). "Nonetheless, . . . a court is authorized [first] to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Id.* (internal quotation marks omitted).

Our quick review of the merits and the district court's order convinces us that Mr. Pearson's request for relief is doomed, and therefore the case should not be transferred. Instead, the case is REMANDED to the district court with directions to dismiss his petition without prejudice to his reasserting it in the proper forum. We DENY his request to proceed in forma pauperis.

Entered for the Court

Harris L Hartz
Circuit Judge