**UNITED STATES COURT OF APPEALS**   **April 30, 2008**

**FOR THE TENTH CIRCUIT**

---

TANH HUU LAM,

　　　　　Petitioner-Appellant,

v.

DUKE TERRELL,

　　　　　Respondent-Appellee.

No. 08-3024
(D.C. No. 5:07-CV-03224-RDR)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LUCERO,** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The petitioner appeals the dismissal by the United States District Court for the District of Kansas of his petition for writ of habeas corpus

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed pursuant to 28 U.S.C. § 2241.  We affirm.

In his petition, the petitioner challenged a criminal judgment entered by the United States District Court for the Eastern District of California following his conviction for arson resulting in death.  He alleged that he was denied effective assistance of counsel, that he was denied his constitutional right to self-representation, and prosecutorial misconduct.  The district court dismissed the petition, concluding that the petitioner was challenging the legality of his conviction, and that 28 U.S.C. § 2255 provides the petitioner with an adequate and effective remedy.

Normally, "'[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.  A [section 2255 motion] attacks the legality of detention, and must be filed in the district that imposed the sentence.'" *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.2000) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)).  Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw*, 86 F.3d at 166.  Only if the petitioner shows that § 2255 is "inadequate or ineffective" to challenge the validity of a judgment or sentence may a prisoner petition for such a remedy under 28 U.S.C. § 2241.

2

*Id.*

The petitioner has not established the inadequacy or ineffectiveness of 28 U.S.C. § 2255. The mere fact that he was denied relief under § 2255 does not render it inadequate or ineffective. *Id.* "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Id.* (quotation omitted).

Accordingly, the district court judgment is **AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

PER CURIAM