**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEITH L. WASHINGTON,

     Petitioner - Appellant,

v.

RENE G. GARCIA, Warden,

     Respondent - Appellee.

No. 10-1107
(D.C. No. 10-CV-00089-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.[**]

---

Keith L. Washington, a federal inmate proceeding pro se, appeals from the

denial of his application for a writ of habeas corpus under 28 U.S.C. § 2241. We

do not require a certificate of appealability for a federal inmate pursuing a § 2241

application. Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). Because

Mr. Washington challenges the fact of, rather than the execution of his sentence,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the district court properly denied his application and dismissed the action.

In 2005, Mr. Washington pled guilty to three counts of bank robbery. 1 R. at 66. At the same time, he waived the right to challenge his sentence on direct appeal or by a collateral attack. 1 R. at 66. The district court in the Northern District of Illinois sentenced him to 108 months of imprisonment and three years of supervised release, a sentence at the low end of the sentencing guidelines range. 1 R. at 6, 66-67. Mr. Washington did not file a direct appeal. Id.

He collaterally attacked his sentence, however, in the Northern District of Illinois and in the Seventh Circuit. 1 R. at 66-68. Those courts concluded, in unpublished decisions, (1) that his plea agreement barred all challenges except claims of ineffective assistance of counsel (IAC), and (2) that his 28 U.S.C. § 2255 motion presenting an IAC claim was time-barred. Id.

Mr. Washington is now incarcerated in Colorado, where he recently challenged his sentence under 28 U.S.C. § 2241. 1 R. at 3-23, 104. The Colorado federal district court concluded that Mr. Washington could not proceed under § 2241 because he contested the legality of his sentence, not its execution. 1 R. at 68-70. The court also denied Mr. Washington's several motions for reconsideration. 1 R. at 92-95, 104-06, 108-09.

A 28 U.S.C. § 2241 petition "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000) (citation and internal

quotation marks omitted).  "A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence."  Id. (citation and internal quotation marks omitted).  To challenge the validity of his sentence, therefore, Mr. Washington was required to file a § 2255 motion in the Northern District of Illinois, not a § 2241 application in the District of Colorado.

An exception to this rule exists if a § 2255 motion is "inadequate or ineffective."  Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).  Mr. Washington argues that this exception should apply because the Northern District of Illinois and the Seventh Circuit refused to hear his claims.  Aplt. Br. at 18-22. But a § 2255 motion is ineffective or inadequate "only in extremely limited circumstances," such as when the sentencing court has been abolished. Caravalho, 177 F.3d at 1178.  That a prisoner is procedurally barred from filing a § 2255 motion in the sentencing court does not establish that a § 2255 remedy is inadequate or ineffective.  Id.  The various bars on Mr. Washington's § 2255 motions thus do not entitle him to this exception.

AFFIRMED.  We DENY leave to proceed IFP and DENY all other pending motions.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge