FILED
United States Court of Appeals
Tenth Circuit

March 18, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOMMY ALEXANDER, SR.,

      Petitioner - Appellant,

v.

C. DANIELS, Warden,

      Respondent - Appellee.

No. 10-1571
(D.C. No. 1:10-CV-02728-ZLW)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON**, and **MURPHY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

This matter is before the court on Tommy Alexander's appeal from the

district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. Because

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Alexander is a federal prisoner, he does not need a certificate of appealability to appeal the denial of his § 2241 petition. *Bledsoe v. United States*, 384 F.3d 1232, 1235 (10th Cir. 2004).

Alexander is currently incarcerated at the United States Penitentiary at Florence, Colorado. In 2004, while incarcerated in a federal prison in Beaumont, Texas, Alexander was charged with possessing a weapon. A prison disciplinary hearing was conducted on March 23, 2004, and Alexander was found guilty of the charge. He was sentenced to fifteen days in segregation and he lost visitation, telephone, and commissary privileges for ninety days.

On October 13, 2005, Alexander filed a petition in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 2241, raising due process claims associated with the prison disciplinary hearing. The petition was transferred to the United States District Court for the Western District of Virginia because Alexander was incarcerated in Jonesville, Virginia, at the time it was filed. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) ("A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined." (quotation omitted)). The district court denied relief and the Fourth Circuit Court of Appeals affirmed that decision. *Alexander v. Miles*, 192 F. App'x 208, 209 (4th Cir. 2006).

Alexander filed the instant § 2241 petition in the United States District Court for the District of Colorado on November 8, 2010. In this second petition,

Alexander raises the same due process claims he previously raised in his 2005 petition. Although Alexander has completed the sentence imposed in 2004, Alexander alleges the conviction precludes him from obtaining prison work assignments and being transferred to a facility closer to his family.

"A necessary predicate for the granting of federal habeas relief . . . is a determination by the federal court that [petitioner's] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The Colorado district court denied the petition, concluding Alexander's claims did not implicate any liberty interest protected by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding § 2241 petitioner must demonstrate the complained-of action imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life"); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("[T]here is no federal constitutional right to incarceration in any particular prison or portion of a prison."); *Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996) (holding prisoners have no liberty interest in prison employment). The district court also referenced the fact that Alexander has previously litigated his claim in the Western District of Virginia.

Upon review of Alexander's appellate brief and *de novo* review of the entire record on appeal, this court **affirms** the dismissal of Alexander's § 2241 petition for substantially the reasons set forth in the district court's Order of

Dismissal dated December 1, 2010. Alexander's motion to proceed *in forma pauperis* on appeal is **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge