# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1723

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United |
| v. | * | States District Court for the |
| | * | District of Minnesota. |
| Arthur James Chappell, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 20, 2011
Filed: January 20, 2012

_____

Before RILEY, Chief Judge, SHEPHERD, Circuit Judge, and WEBBER,[1] District Judge.

_____

RILEY, Chief Judge.

A jury convicted Arthur Chappell of sex trafficking of a minor under 18 U.S.C. § 1591. The district court denied Chappell's motions for a new trial and entered judgment against Chappell, sentencing him to 336 months imprisonment. Chappell makes several arguments on appeal, including a contention the district court committed reversible error by incorrectly instructing the jury on the knowledge

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, sitting by designation.

element of the offense.  Exercising our discretion to notice the district court's plain and prejudicial error in instructing the jury, we reverse and remand for a new trial, without addressing Chappell's other contentions.

## I.    BACKGROUND

### A.    Factual Background

The government presented the following uncontested evidence.  In June 2007, a manager at a hotel in Bloomington, Minnesota, told police she suspected prostitution was occurring in a room registered to Chappell.  During surveillance, Bloomington Police Detective Judson Broen saw three women exit a vehicle in the hotel's parking lot.  As the vehicle left the parking lot, Detective Broen recognized the driver as Chappell.  Detective Broen was then joined by another officer in a marked patrol vehicle.  The officers stopped the Chappell vehicle and searched  Chappell and the vehicle, finding approximately $5,700 in cash, false identification, a list of names and dollar amounts, a hotel receipt, and condoms.  The next month, officers searched a residence where they suspected prostitution was taking place and found Chappell with three females, including Cheryl Buell.  The officers also discovered cell phones, condoms, ecstasy pills, and more than $3,000 in cash.  At trial, Buell testified Chappell recruited her to work for him as a prostitute.  Buell at first refused.  When Buell later told Chappell she was interested in making money with him, Chappell asked, "How old are you?"  Buell replied, "Seventeen."

### B.    Procedural Background

Chappell was indicted for recruiting Buell in 2007 to work as a prostitute when Buell was seventeen years old, in violation of 18 U.S.C. § 1591.  In 2007, § 1591 prohibited, among other things, knowingly enticing or recruiting a person to engage in a commercial sex act, "*knowing* . . . the person has not attained the age of 18 years." 18 U.S.C. § 1591(a) (2006) (emphasis added).  Congress amended § 1591 in 2008 to prohibit such conduct "knowing, *or in reckless disregard of* the fact . . . that the person has not attained the age of 18 years."  18 U.S.C.A. § 1591(a) (West Supp.

2011) (as amended by William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, § 222(b)(5)(A)(ii)) (emphasis added).

At trial, several witnesses testified regarding Chappell's knowledge of Buell's age. Buell and Adrien Weisman, who also testified to working as a prostitute for Chappell, claimed Chappell knew Buell was seventeen. Weisman further testified she told Chappell she (Weisman) was seventeen. Finally, several witnesses claimed Chappell occasionally picked Buell up from high school.

The district court erroneously instructed the jury under the amended 2008 version of § 1591, telling the jury it could find Chappell guilty if he acted in reckless disregard of the fact Buell was younger than eighteen. The "reckless disregard" language does not appear in either party's proposed instructions. At the instruction conference, the parties considered whether to use a deliberate indifference instruction, and discussed using an Eleventh Circuit instruction on the § 1591 elements. The Eleventh Circuit version was based on the 2008 amendments to § 1591, including the "reckless disregard" language. Chappell did not object to the erroneous instruction or the verdict form. On the contrary, Chappell concurred in using the erroneous instruction and verdict form, possibly because Chappell preferred the "reckless disregard" language to the government's proposed deliberate indifference instruction. Apparently, no one at the instruction conference realized the 2008 amended law did not apply to Chappell's 2007 case. The jury returned a special verdict, finding Chappell guilty of sex trafficking of a minor "knowing or in reckless disregard of the fact that . . . [Buell] had not attained the age of 18 and would be caused to engage in a commercial sex act."

The district court denied Chappell's three motions for a new trial—two were based on ineffective assistance of counsel, and in the other, Chappell argued § 1591

was unconstitutional. The district court sentenced Chappell to 336 months imprisonment, and Chappell brought this appeal.

## II.    DISCUSSION

Chappell argues the district court committed reversible error when it instructed the jury it could convict Chappell if he knew or acted in reckless disregard of the fact Buell was younger than eighteen. Because Chappell did not object to the instruction or the verdict form, we review for plain error.[2] See Fed. R. Crim. P. 52(b); Johnson v. United States, 520 U.S. 461, 466-67 (1997). We may reverse if the district court made an error that (1) is plain; (2) "affects substantial rights"; and (3) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Johnson, 520 U.S. at 466-67 (quoting United States v. Olano, 507 U.S. 725, 732 (1993)) (alterations omitted). Because the district court made such an error, we exercise our discretion to reverse and remand for a new trial.

The government rightly concedes the instruction was erroneous. The district court should have instructed the jury under the version of § 1591 in effect at the time of Chappell's alleged criminal conduct in 2007. Cf. Marcus, ___ U.S. at ___, 130 S. Ct. at 2165-66. In 2007, § 1591 required the government to prove Chappell actually knew Buell was younger than eighteen.

---

[2]Chappell did not waive his right to a correct jury instruction because Chappell did not "intentionally relinquish[] or abandon[]" his right. See United States v. Jones, 662 F.3d 1018, 1027 (8th Cir. 2011). The record indicates Chappell, the government, and the district court seemingly were not aware the proposed instruction and verdict form deviated from the applicable statute.

Chappell contends we ought to apply a more stringent standard of review because this was a structural error. It was not. See United States v. Marcus, ___ U.S. ___, ___,130 S. Ct. 2159, 2165 (2010) (noting "erroneously instructing the jury on an element" of an offense is not a structural error (citing Yates v. Evatt, 500 U.S. 391 (1991))).

This error affected Chappell's substantial rights because the error was prejudicial. See Olano, 507 U.S. at 734. First, the special verdict form, signed by the jury foreperson, declared Chappell knew or acted "in reckless disregard" of the fact Buell was younger than eighteen. Second, the government referred to the reckless disregard alternative element in its closing argument, stating, "Now, the second element is that the defendant did so in reckless disregard of the fact that either threats or coercion were used or that he knew Ms. Buell was under the age of 18." Third, the jury could have disbelieved the witnesses—Buell and Weisman—who said Chappell knew Buell's age. Buell and Weisman admitted on cross-examination they lied about other material matters, thereby affecting their credibility.

Finally, the jury was instructed it could draw reasonable inferences from the facts. There was evidence from which the jury could have inferred Chappell recklessly disregarded the fact Buell was younger than eighteen, if the jury did not believe Chappell actually knew Buell's age. For example, several witnesses testified—and the government emphasized in its closing argument—Chappell picked Buell up from high school. The jury could have inferred reckless disregard from this testimony because high school students often are younger than eighteen. Weisman testified, when Chappell picked up Buell and Weisman together one day, Weisman told Chappell that Weisman was seventeen. The jury reasonably could have inferred Chappell knew most seventeen-year-olds are friends with other seventeen-year-olds, thus making it likely Buell was also younger than eighteen.

Considering the magnitude of this plain and prejudicial error, we conclude that failing to correct the error would "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." Johnson, 520 U.S. at 467 (quoting Olano, 507 U.S. at 736).

-5-

## III. CONCLUSION

We exercise our discretion to reverse and remand for a new trial.

_____