**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**June 13, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ARTHUR JAMES CHAPPELL,

Petitioner - Appellant,

v.

STATE OF COLORADO; ADAMS
COUNTY SHERIFF'S OFFICE,

Respondents - Appellees.

Nos. 24-1033 & 24-1100
(D.C. No. 1:23-CV-02341-LTB-SBP)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Arthur James Chappell, a federal prisoner proceeding pro se, appeals the

district court's order dismissing his 28 U.S.C. § 2241 petition.[1] He also seeks to

proceed in forma pauperis (IFP) on appeal. Exercising jurisdiction under 28

U.S.C. § 1291 and § 2253, we deny his IFP motion and dismiss these appeals.

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Chappell proceeds pro se, we liberally construe his filings, but
we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975
(10th Cir. 2009).

## BACKGROUND

### I.    Chappell's Convictions

In 2007, the State of Colorado charged Chappell with sexual assault, third-degree assault, false imprisonment, and attempted pimping. Chappell posted a bond, so he was released from state custody while his case proceeded. A few months later, he was indicted in the Eastern District of Missouri on one count of aggravated identity theft. After pleading guilty to the identity-theft charge, Chappell was sentenced to 24 months' imprisonment. Shortly before he completed his sentence, Chappell was indicted in the District of Minnesota on one count of sex trafficking a minor, in violation of 18 U.S.C. § 1591. A jury convicted Chappell, and he was sentenced to 336 months' imprisonment.[2] *United States v. Chappell*, 665 F.3d 1012, 1013–14 (8th Cir. 2012).

In 2023, Chappell was transferred from FCI-Pollock (a federal prison in Louisiana), where he was serving his federal sentence, to a Colorado detention facility for trial on his 2007 state charges. But before trial, the state court granted Chappell's motion to dismiss on speedy-trial grounds.

---

[2] On direct appeal, Chappell's conviction was vacated because the district court had improperly instructed the jury. *United States v. Chappell*, 665 F.3d 1012, 1015 (8th Cir. 2012). On remand, the grand jury returned an eleven-count superseding indictment, adding child-pornography and sex-trafficking counts. *See United States v. Chappell*, 779 F.3d 872, 874 (8th Cir. 2015). Chappell was convicted on all counts and again sentenced to 336 months' imprisonment. *Id.* at 876.

## II.    Chappell's § 2241 Petition

Chappell filed his § 2241 petition in the District of Colorado after his state charges were dismissed but while he was awaiting transfer back to FCI-Pollock. He claimed that by transferring him to state custody, the Bureau of Prisons "waiv[ed] its jurisdiction [over] Chappell and thereby pardon[ed] or commut[ed] his federal sentence." R. at 6. Chappell sought an order declaring his federal sentence "complete or discharged" so that he would not be returned to federal custody.[3] R. at 8.

Before the district court ruled on his § 2241 petition, Chappell was returned to FCI-Pollock. A magistrate judge first reviewed the petition, noting that "[i]t is not exactly clear what Mr. Chappell is challenging." R. at 14. The magistrate judge determined that if Chappell was challenging his state custody, then the claim was moot because he had been transferred back to federal custody. Alternatively, if Chappell was challenging his federal sentence, the magistrate judge reasoned, then the court lacked jurisdiction because Chappell was not serving his federal sentence within the District of Colorado. Chappell objected to the magistrate judge's recommendations, arguing that he was challenging his federal sentence and that the court had jurisdiction. The district

---

[3] In his petition, Chappell clarified that he was raising "a federal issue, challenging the unlawful acts of the FBOP, and not any state authorities or state correctional institution." R. at 7. He also concedes that he didn't exhaust his administrative remedies.

court adopted the magistrate judge's recommendations and dismissed without prejudice Chappell's petition for lack of jurisdiction.

## STANDARD OF REVIEW

We review de novo a district court's dismissal for lack of jurisdiction.[4] *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019).

## DISCUSSION

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting § 2241(a)). To grant habeas relief within its jurisdiction, the district court must "have jurisdiction over the [prisoner's] custodian." *Id.* (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973)). Chappell filed his § 2241 petition while he was awaiting transfer back to FCI-Pollock. Because he sought to challenge the execution of his federal sentence, Chappell's "custodian" under § 2241 was his federal custodian—the warden at FCI-Pollock, which is in the Western District of Louisiana and outside the District of Colorado. *See Braden*, 410 U.S. at 494–95 ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the district

---

[4] Chappell needn't obtain a COA to appeal because he challenges the execution of his federal sentence. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) ("[T]his court has held that a *federal* prisoner proceeding under § 2241 does not need a certificate of appealability to appeal a district court's denial of the petition . . . .").

court lacked jurisdiction to grant habeas relief and correctly dismissed the petition without prejudice.[5] *See* § 2241(a); *see also Al-Pine v. Richerson*, 763 F. App'x 717, 720–21 & n.4 (10th Cir. 2019) (unpublished) (remanding to district court to dismiss for lack of jurisdiction because the prisoner had filed his § 2241 petition in the wrong district).

Chappell also requests to proceed IFP on appeal. We grant IFP motions when appellants show (1) "a financial inability to pay the required filing fees" and (2) "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (cleaned up). Because Chappell hasn't raised a nonfrivolous argument, we deny his IFP motion.

---

[5] The district court didn't consider whether it should transfer the petition to the proper jurisdiction. *See* 28 U.S.C. § 1631. A court may transfer a petition when it is in the interest of justice to do so, which requires the court to "tak[e] a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1151 (10th Cir. 2000) (cleaned up). Because Chappell has not exhausted his administrative remedies and has been returned to FCI-Pollock where he may do so, transferring his petition would not be appropriate. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . .").

## CONCLUSION

For all these reasons, we deny Chappell's motion to proceed IFP and dismiss these appeals.

Entered for the Court


Gregory A. Phillips
Circuit Judge